**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DERRICK BERNARD JACKSON,** | : | |
| **Petitioner,** | : | |
| **v.** | : | **Case No. 5:26-cv-279-CAR-AGH** |
| **STATE OF GEORGIA,** | : | |
| **Respondent.** | : | |

**ORDER**

Petitioner Derrick Jackson, a prisoner in Irwin County Detention Center in Ocilla, Georgia filed a petition for a writ of habeas corpus (ECF No. 1). He also filed a motion to proceed *in forma pauperis* (ECF No. 3).

On July 9, 2026, the Court ordered Petitioner to recast his Petition on the Court's standard form for seeking relief pursuant to 28 U.S.C. § 2254 and to either pay the filing fee or file a certified copy of his trust fund account statement as required by Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts. ECF No. 4 at 1. The Court gave Petitioner fourteen (14) days from the date of the Order to comply and warned Petitioner that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this case. *Id.* at 2.

The time for compliance expired, and Petitioner failed to recast his Petition on the Court's standard § 2254 form as ordered, pay the filing fee, or provide a certified copy of his trust fund account statement. Therefore, on September 2, 2026, the Court ordered Petitioner to show cause why his petition should not be dismissed for failure to comply

with the Court's July 9th Order. ECF No. 5 at 1. Petitioner was again given fourteen days to respond and warned that failure to fully and timely comply would likely result in the dismissal of his petition. *Id.* at 2. Petitioner again failed to comply.

Due to Petitioner's failure to follow the Court's Orders and prosecute this action, the case is hereby **DISMISSED WITHOUT PREJUDICE**. Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").[1]

**SO ORDERED**, this 21st day of October, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

[1]Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") provides: "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Federal Rule of Civil Procedure 41(b) is not inconsistent with the any of the Habeas Rules.